# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

---------------------------------------------

SHAWN GENTRY, HOA NGUYEN,   **)**    Civil Action No:   3:23cv475-MPM-JMV
THAO NGUYEN, TAN HUYNH   **)**
DUONG, TRAN HUYNH DUONG,   **)**
TRUC HUYNH DUONG, and TU   **)**
NGUYEN HUYNH, Individually and as   **)**    Judge:
Representative of the Estate of   **)**
UYEN THI DUONG, Deceased;   **)**    **COMPLAINT WITH JURY**
    *Plaintiffs,*   **)**          **DEMAND**
  **)**
VS.   **)**
  **)**
MEMPHIS BELL TRANSPORTATION,   **)**
LLC and ROBINSON PROPERTY   **)**
GROUP LLC d/b/a HORSESHOE   **)**
TUNICA   **)**
    *Defendants.*   **)**

---------------------------------------------------

Plaintiffs SHAWN GENTRY, HOA NGUYEN, THAO NGUYEN, TAN HUYNH DUONG, TRAN HUYNH DUONG, TRUC HUYNH DUONG and TU NGUYEN HUYNH, Individually and as Representative of the Estate of UYEN THI DUONG, deceased, ("Plaintiffs"), hereby bring this cause of action for personal injuries suffered as a proximate result of their solicited trip to the Horseshoe Tunica Casino in Tunica, Mississippi. At all times relevant, Defendants MEMPHIS BELL TRANSPORTATION, LLC and ROBINSON PROPERTY GROUP LLC D/B/A HORSESHOE TUNICA (hereinafter collectively referred to as "Defendants") were engaged in a partnership or joint enterprise and negligently failed to ensure the safety of Plaintiffs on this solicited trip.

## PARTIES AND JURISDICTION

1.      Plaintiff, SHAWN GENTRY, is a citizen and resident of Magnolia, Texas. SEAN GENTRY brings his individual claims for personal injury damages sustained when he was shot and severely injured in the Subject Incident.

2.      Plaintiff, HOA "MARC" NGUYEN, is a citizen and resident of Magnolia, Texas. HOA "MARC" NGUYEN brings his individual claims for personal injury damages sustained when he was shot and severely injured in the Subject Incident.

3.      Plaintiff, THAO NGUYEN, is a citizen and resident of Houston, Texas. THAO NGUYEN brings her individual claims for personal injury damages sustained when she was shot and severely injured in the Subject Incident.

4.      Plaintiff, TAN HUYNH DUONG, is a citizen and resident of Pflugerville, Texas. TAN HUYNH DUONG brings his individual claim for the loss of his mother, UYEN THI DUONG.

5.      Plaintiff, TRAN HUYNH DUONG, is a citizen and resident of Pflugerville, Texas. TRAN HUYNH DUONG brings his individual claim for the loss of his mother, UYEN THI DUONG.

6.      Plaintiff, TRUC HUYNH DUONG, is a citizen and resident of Pflugerville, Texas. TRUC HUYNH DUONG brings his individual claim for the loss of his mother, UYEN THI DUONG.

7.     Plaintiff, TU NGUYEN HUYNH, is a citizen and resident of Pflugerville, Texas. TU NGUYEN HUYNH bring his individual claim as well as a claim as the representative of the estate of UYEN THI DUONG, deceased.

8.     Defendant, MEMPHIS BELL TRANSPORTATION, LLC ("MEMPHIS BELL"), is a Tennessee limited liability company with its principal place of business located at 3422 Countryhill Drive, Bartlett, TN 38135. Service of process is proper with Memphis Bell Transportation LLC at 4518 Tall Meadow CV, Bartlett, TN 38135-1331.

9.     Upon information and belief, Defendant MEMPHIS BELL is a joint venture partner/joint enterprise partner of ROBINSON PROPERTY GROUP LLC D/B/A HORSESHOE TUNICA. Defendant MEMPHIS BELL undertook the safety of Plaintiffs through their relationship with the Plaintiffs and through their actions mentioned below.

10.     This Court has personal jurisdiction over Defendant MEMPHIS BELL because MEMPHIS BELL fits within the Mississippi Long Arm Statute and has purposefully availed itself of the benefits of the State and established substantial and continuous contacts to satisfy Due Process concerns by purposely directing its activities at Mississippi due to the purposeful choice to operate within Mississippi, including as follows, such that MEMPHIS BELL should have reasonably anticipated being haled into court in Mississippi: (1) entering into a partnership or joint enterprise in Mississippi with Defendant ROBINSON PROPERTY GROUP, LLC D/B/A HORSESHOE TUNICA ("TUNICA"); (2) committing acts and/or omissions of negligence in Mississippi through their failure to safely transport the Plaintiffs on the solicited trip at issue; (3) regularly conducting and soliciting business and engaging in other persistent courses of conduct in Mississippi to derive revenue from its transportation of

individuals within the State of Mississippi; (4) deriving substantial revenue from the rendering of such transportation services to individuals within the State of Mississippi; (5) purposefully directing its business activities at Mississippi by contracting by contracting and/or entering into agreements with Defendant TUNICA, knowing that MEMPHIS BELL'S transportation services would be rendered throughout the State of Mississippi; and (6) causing tortious injuries by tortious acts within the State. Based upon the direct connection between MEMPHIS BELL's activities in Mississippi and the claims made against it as well as the substantial and continuous contacts purposefully made with Mississippi, the exercise of personal jurisdiction here is consistent with the Mississippi Long Arm statute and with due process, such that filing and prosecuting this lawsuit in federal court in Mississippi does not offend traditional notions of fair play and substantial justice, and is neither unfair nor unreasonable.

11. Defendant ROBINSON PROPERTY GROUP LLC D/B/A HORSESHOE TUNICA ("TUNICA") is a Mississippi limited liability company, incorporated under the laws of Mississippi; its principal place of business is located at 1021 Casino Center Drive, Robinsonville, MS 38664. Service of process is proper with Corporation Service Company at 109 Executive Drive, Suite 3, Madison, Mississippi 39110.

12. TUNICA is the Mississippi casino Plaintiffs visited following TUNICA's of Plaintiffs. TUNICA undertook the safety of Plaintiffs through their relationship with Plaintiffs, through their partnership or joint enterprise with Defendant MEMPHIS BELL, and through their actions mentioned below.

13.     This Court has personal jurisdiction over Defendant TUNICA because Defendant TUNICA maintains its principal place of business in Mississippi and because a substantial portion of the alleged acts and/or omissions of Defendant TUNICA occurred in Mississippi.

14.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000.00, exclusive of interest and costs and there is complete diversity amongst the parties. More specifically, and based on public information, there is complete diversity as the members of Defendant TUNICA are all citizens of Las Vegas, Nevada, and the member of Defendant MEMPHIS BELL is a citizen of Bartlett, Tennessee.

15.     Venue is proper in this district and division, as a substantial number of events, including the solicitation and transportation of Plaintiffs, the security, or lack thereof, provided to Plaintiffs during this trip, and the torts that gave rise to the injury occurred in Tunica County, Mississippi.

## GENERAL ALLEGATIONS

16.     Plaintiffs hereby restate and allege each and every allegation set for above, as if they were repeated here.

17.     Plaintiffs are a group of individuals that are considered "members" to the Tunica casino resort because of the amount of money they spend at the Tunica casino resort. As a result of their status, the Tunica resort specifically solicits Plaintiffs several times per year to attend their resorts. TUNICA, through their agents, employees and/or affiliates, specifically market to and/or solicit the Plaintiffs and other similarly situated

individuals in the Sugarland and Houston area through pushing Plaintiffs to attend the Tunica resort by offering trips and ensuring their safety on these "members only" trips. In fact, TUNICA, in conjunction with MEMPHIS BELL, would undertake securing Plaintiffs' safety by providing private transportation to and from airports and then to and from the resorts. Once Plaintiffs would arrive at the Tunica resort, TUNICA, through their agents, employees, and/or affiliates, would cater to all of Plaintiffs' needs.

18.    On February 26, 2023, following one of these solicited trips where Plaintiffs had gambled at the Tunica resort, TUNICA once again undertook the safety of ensuring Plaintiffs remained safe in their casino as well as in their transportation to the airport. TUNICA facilitated the transportation to the airport by securing their own private transportation with MEMPHIS BELL, with whom TUNICA regularly does business. However, on this particular trip, although Plaintiffs had just gambled at the Tunica resort, Defendants TUNICA and MEMPHIS BELL acted negligently in their undertaking of providing ensuring Plaintiffs' safety and security, and safely and securely transporting them. Specifically, on February 26, 2023, while  MEMPHIS BELL was transporting Plaintiffs to the airport, Plaintiffs fell victim to a barrage of gunshots as an attempted robbery unfolded. Unfortunately, as a result of the attempted robbery, Plaintiffs were severely injured.

19.    Upon reasonable belief, the shooters were permitted to covertly observe Plaintiffs from the Tunica resort, monitor Plaintiffs' gambling activities, and follow them from as they were transported from the resort toward the airport.  The shooters were then permitted to attempt the armed robbery of Plaintiffs. All of this illicit activity occurred

while Defendants TUNICA and MEMPHIS BELL undertook to ensure Plaintiffs' safety and security after they specifically solicited them to come to the resort.

20.     As a result of the severe injuries described above, Plaintiffs have received, and continue to receive, a wide range of treatment including, but not limited to, surgeries, physical therapy, counseling, and funeral and burial expenses. Furthermore, at least one Plaintiff, SEAN GENTRY, will require significant, life-long medical care as a result of the injuries he sustained in the incident described above.

21.     All Plaintiffs have experienced severe past physical and emotional pain and suffering, and they will continue to experience both physical and mental pain and suffering well into the future, likely for as long as they live.

<u>COUNT I</u>

**NEGLIGENCE AND RESPONDEAT SUPERIOR**

**(ALL DEFENDANTS)**

22.     Plaintiffs hereby restate and allege each and every allegation set forth above, as if they were repeated here.

23.     TUNICA and/or MEMPHIS BELL committed acts of commission and omission, which collectively and severally constituted negligence and gross negligence, and that negligence proximately caused the subject incident and Plaintiffs' severe injuries and resulting damages.

24.     TUNICA and/or MEMPHIS BELL owed a duty to Plaintiffs to exercise ordinary care. TUNICA and/or MEMPHIS BELL's acts and/or omissions of negligence include, without limitation, one or more of the following:

(a) Failing to ensure the safety of Plaintiffs;

(b) Failing to provide safe transportation to Plaintiffs;

(c) Failing to provide safe security for Plaintiffs; and

(d) Negligently undertaking to secure Plaintiffs' safety.

25.     Defendants TUNICA and/or MEMPHIS BELL are liable for the conduct of their agents, servants, and/or employees, on the date in question, under the doctrine of *respondeat superior*. Defendant TUNICA and/or MEMPHIS BELL is vicariously liable for their employees, agents, hosts, and/or contractors' negligence because they were acting in furtherance of the business of Defendants TUNICA and/or MEMPHIS BELL at the time of the incident and for the accomplishment of the object for which they were hired and/or retained, and they were in the course and scope of their employment or agency with Defendants TUNICA and/or MEMPHIS BELL at the time of the incident.

## COUNT II

### PARTNERSHIP OR JOINT ENTERPRISE

### (ALL DEFENDANTS)

26.     Plaintiffs incorporate herein by reference the previous paragraphs of this Complaint and further state that:

27.     TUNICA and MEMPHIS BELL are jointly and severally liable for the damages asserted by Plaintiffs through their joint enterprise together. Specifically, TUNICA and MEMPHIS BELL formed a joint enterprise regarding their combined joint effort to market and solicit members to visit the TUNICA casino while undertaking to

ensure Plaintiffs' protection, security and safe transportation because they did the following:

    (a)    entered into an express or implied agreement regarding the solicitation of members/ensuring their safety in order for members to visit their resorts;

    (b)    had a common purpose to be carried out by the enterprise in that they both sought to increase visits to the TUNICA resort, and in turn increase the use of transportation services, through their efforts;

    (c)    had a community of pecuniary interest in that common purpose in that the more profits generated through their efforts of solicitation the more profits they received;

    (d)    had an equal right to a voice in the direction and/or control of the enterprise they entered into regarding the solicitation of their members/ensuring their safety in order for members to visit their resorts; and

    (e)    a member of the joint enterprise committed a tort against the Plaintiffs while acting within the scope of the enterprise.

28.    Alternatively, TUNICA and MEMPHIS BELL are jointly and/or severally liable for the damages asserted by Plaintiffs due to their joint venture together. Specifically, TUNICA and MEMPHIS BELL formed a partnership regarding their combined efforts to market, solicit, and ensure the safety of Plaintiffs because they did one or more of the following:

(a)     received or had a right to receive a share of profits of the business;

(b)     expressed an intent to be partners in the business;

(c)     participated or had a right to participate in control of the business;

(d)     shared or agreed to share the losses of the business, or the liability for claims by third parties against the business;

(e)     contributed or agreed to contribute money or property to the business;

(f)     co-owned property; or

(g)     shared or had a right to share gross returns or revenues.

29.     The partnership and its partners are liable for the obligation owed to the Plaintiffs.

30.     Whether characterized as a joint enterprise or a partnership, TUNICA and MEMPHIS BELL are jointly and severally liable for the injuries sustained by Plaintiffs as a result of their joint efforts.

## COUNT III

### DAMAGES

### (ALL DEFENDANTS)

31.     Plaintiff incorporates herein by reference the previous paragraphs of this Complaint and further states that:

32.     As a result of the subject incident, Plaintiffs suffered in the past, and will likely suffer in the future, actual, special, incidental and/or consequential damages including physical pain and mental anguish, physical impairment, disfigurement, lost

earnings, loss of earning capacity, and reasonable and necessary medical expenses. Those damages were proximately caused by the negligence of the Defendants.

WHEREFORE, Plaintiffs pray for judgement of and from each Defendant for compensatory damages, plus costs, and for such other and further damages and relief as this Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs, by his undersigned counsel, hereby request a jury trial on all counts on this action.

Date: December 15, 2023

Respectfully submitted,

**WOLFF ARDIS, P.C.**

/s/ PATRICK M. ARDIS
**PATRICK M. ARDIS**
State Bar No. 008263
pardis@wolffardis.com
5810 Shelby Oaks Drive
Memphis, Tennessee 38134
Telephone: (901) 763-3336
Facsimile: (901) 763-3376

*And*

**WATTS GUERRA LLP**
875 East Ashby Place
Suite 1200
San Antonio, Texas 78212
Telephone: (210) 447-0500
Facsimile: (210) 447-0501
**MIKAL C. WATTS**
State Bar No. 20981820
mcwatts@wattsguerra.com
**FRANCISCO GUERRA, IV**

State Bar No. 00796684
Email: fguerra@wattsguerra.com
**JORGE L. MARES**
State Bar No. 24087973
Email: jmares@wattsguerra.com
**DAVID A. FUENTES**
State Bar No. 241132048
dfuentes@wattsguerra.com

*And*

**RAY KHIRALLAH, JR.**
State Bar No. 24060091
Ray@kbtriallaw.com
Khirallah | Boston
5910 North Central Expressway
Suite 900
Dallas, Texas 75206
Telephone: (214) 396-3858

*And*

**MICAH DORTCH**
State Bar No. 24044981
Micah@dll-law.com
**DORTCH LINDSTROM LIVINGSTON LAW GROUP**
2613 Dallas Parkway
Suite 200
Plano, Texas 75093
Telephone: (214) 393-1212
Facsimile: (888) 653-3299

*And*

**JAMES M. SHAW**
State Bar No. 00784955
jshaw@carabinshaw.com
**CARABIN & SHAW, PC**
875 East Ashby Place
Suite 1100
San Antonio, Texas 78212
Telephone: (210) 222-2288

Facsimile: (210) 222-1480

*And*

**HARRY S. BATES**
State Bar No. 01903900
hb@harrybateslaw.com
**THE BATES LAW FIRM**
630 Broadway Street
San Antonio, Texas 78215
Telephone: (210) 226-3777
Facsimile: (210) 226-3786

**ATTORNEYS FOR PLAINTIFFS**